UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 06-200(2) (CKK) |
| ADAM K. HAMILTON | : | |
| and | : | **FILED** |
| CARROLL WILLS | : | NOV 16 2006 |
| Defendants. | : | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

## STATEMENT OF OFFENSE

Were the Government to go to trial in the above-captioned case, the Government would prove the following beyond a reasonable doubt:

On June 8, 2006, Officer Lakomec of the Metropolitan Police Department ("MPD") was on patrol when he began to follow a Dodge pickup truck that had been reported stolen in Montgomery County. The pickup truck was registered to the Defendant Hamilton and had been reported stolen on April 28, 2006. Lakomec subsequently lost sight of the pick up truck. Shortly therafter, MPD Officer Dempster spotted the truck parked in the 300 block of 54th Street, N.E. Officers then arrived in the area and set up surveillance on the truck. The officers saw Defendant Hamilton walk over to the Dodge and reach into the bed of the pick up. Defendant Hamilton then walked into an alley out of the officers view. Within minutes Defendant Hamilton came out of the alley and got into the driver's seat of the pickup and drove away. The officers followed the truck and made a traffic stop in front of 328 56th Street, N.E. MPD Officer Katz approached the passenger side of the truck and Officers Mudd and Lakomec approached the driver's side. When the officers got to the truck, they determined that it was occupied by three individuals. Defendant Hamilton was in the driver's seat,

Defendant Carroll Wills was in the rear seat on the passenger side and Ms. Severn Jackson was in the front passenger seat. The officers ordered all three of the occupants to get out of the truck. When Jackson got out of the truck a crack pipe dropped to the ground. Defendants Hamilton and Wills got out of the truck and Lakomec saw several boxes of ammunition inside of an open black bag on the rear floor board of the truck and a small amount of crack in a plastic container on the rear seat where Defendant Wills had been sitting. When Defendant Hamilton got out of the truck he told the officers that he owned the truck. The truck was in fact registered to Defendant Hamilton. He had reported the truck stolen, and when he subsequently recovered the truck, he forgot to notify the police to cancel the lookout.

All three occupants of the truck were placed under arrest and the officers searched the truck. The search resulted in the recovery of a Ruger .22 caliber revolver, loaded with 6 rounds of ammunition from under the front passenger seat. Two boxes of .22 caliber bullets (72 rounds) were recovered from the map pocket on the front passenger side door. Inside a bag on the rear floorboard, but partially in plain view, officer recovered over two hundred rounds of ammunition, specifically: three boxes (88 rounds) of 12 gauge shotgun shells; seven boxes (93 rounds) of .243 caliber ammunition; two boxes (35 rounds) of .410 gauge shotgun shells; one box (2 rounds) of .223 caliber ammunition; one box (12 rounds) of .30 caliber carbine ammunition. The white substance inside the clear plastic container located next to where Defendant Wills had been seated field tested positive for cocaine base. In addition, three full length shotguns and four long rifles were found wrapped in a blanket in the bed of the truck, specifically: a Remington Model 700 .243 caliber rifle; a Winchester Model 70 blot action 7mm rifle; a Marlin Goose Gun, bolt action 12 gauge shotgun;

a Mossberg Model 341 bolt action .22 caliber rifle; a Stevens Model 67 pump action 12 gauge shotgun; a Thompson Center Arms .223 caliber pistol; a Hanover Arms double barrel shotgun.

The firearms and ammunition recovered from the truck were stolen from the farm home of Kevin Savage, located on 23301 Mount Ephraim Street, Dickerson, Maryland, that same day, June 8, 2006, between 10:30 a.m. and 1:00 p.m. Mr. Savage was able to identify the firearms and additional property recovered from Defendant Hamilton's truck as belonging to Mr. Savage.

At the time of his arrest, Defendant Wills was aware that the firearms and ammunition recovered from Defendant Hamilton's pick-up truck had been stolen earlier that day from the home located at 23301 Mount Ephraim Street, Dickerson, Maryland. In addition, at the time of his arrest, Defendant Wills was aware that his codefendant, Adam Hamilton, and the female in Defendant Hamilton's pick-up truck, Ms. Severn Jackson, had burglarized the home in Maryland earlier that day, thereby obtaining the firearms and ammunition recovered by the police from the pick-up truck.

The small amount of crack cocaine found in plain view next to where Defendant Carroll Wills had been seated was analyzed by the Drug Enforcement Administration, and was determined to be .99 grams of cocaine base. Defendant Wills knew the recovered item was crack cocaine and voluntarily exercised dominion and control over it. In addition, Defendant Wills had exercised dominion and control over the ammunition found in plain view on the vehicle's rear floorboard.

## DEFENDANT CARROLL WILLS' ACKNOWLEDGMENT

I have read and discussed all four (4) pages of the Statement of Offense in the above-captioned case, 06-200 (2) (CKK), with my attorney, David Bos, Esquire. I agree, and acknowledge by my signature that this Statement of Offense is true and correct.

Date: 11-16-06

_____
Carroll Wills
Defendant

Date: 11-16-06

_____
David Bos, Esq.
Attorney for Defendant Carroll Wills

-4-